Suhendra TJAN, Petitioner,

v.

Michael B. MUKASEY, U.S. Attorney General,[1] Respondent.

No. 07–4711–ag.

United States Court of Appeals, Second Circuit.

July 16, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Acting Attorney General Peter D. Keisler as the respondent in this case.

H. Raymond Fasano, Esq., Madeo & Fasano, New York, N.Y., for Petitioner.

Gregory G. Katsas, Acting Asst. Atty. General, Civil Division, Cindy S. Ferrier, Senior Litigation Counsel, Matt A. Crapo, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. JOSEPH M. McLAUGHLIN, and Hon. CHESTER J. STRAUB, Circuit Judges.

### SUMMARY ORDER

Suhendra Tjan, a native and citizen of Indonesia, seeks review of a September 27, 2007 order of the BIA denying his motion to reopen his removal proceedings. *In re Sujendra Tjan,* No. A78 719 823 (B.I.A. Sept. 27, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted

in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

As a general matter, an alien is limited to one motion to reopen removal proceedings. *See* 8 U.S.C. § 1229a(c)(7)(A); 8 C.F.R. § 1003.2(c)(2). This motion must be filed within ninety days of the final administrative decision. *See* 8 U.S.C. § 1229a(c)(7)(C)(I); 8 C.F.R. § 1003.2(c)(2). However, a motion need not comply with these time and numerical limitations when the alien presents evidence establishing "changed country conditions arising in the country of nationality" which was undiscovered or unavailable at the time of the alien's hearing. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii).

The BIA did not abuse its discretion in concluding that Tjan failed to make such a showing. As the BIA concluded, the background materials that Tjan submitted in support of his motion show that "there was interreligious violence [in Indonesia] since before the date of [Tjan's removal] hearing, and that such violence continues."

Tjan argues that the BIA abused its discretion by ignoring evidence in the record of a doubling in the number of church attacks and deaths from inter-religious violence in Indonesia. As Tjan notes, the U.S. State Department's 2004 Religious Freedom Report mentions an increase in deaths related to inter-religious conflict, stating that nearly 100 people were killed in Central Sulawesi and the Malukus in the period covered by the report as compared to approximately fifty deaths the previous year. However, according to the 2005 Religious Freedom Report, "the number of those killed in possibly sectarian incidents fell significantly." Moreover, the death toll reported in the 2004 Report

**850**

represents a marked decrease from the number of deaths reported in the period between 2000 and 2002, which preceded the completion of Tjan's removal proceedings and during which thousands died as a result of sectarian violence.

Tjan further points out that, according to the 2005 Religious Freedom Report, 26 church attacks occurred in Indonesia in 2004, more than the 13 reported for the year prior. However, these numbers represent a substantial decline in church attacks when compared to the period between 1998 and 2002 when Tjan's removal hearing was held.

Taken as a whole, the background materials that Tjan submitted establish that religious conflict has persisted in Indonesia at some level since 1998. However, none of the materials indicate that this inter-religious violence has increased appreciably since August 2002 when Tjan appeared before the IJ. Indeed, much of the evidence indicates that the situation has improved in some respects in recent years. Accordingly, the BIA permissible found that Tjan failed to establish that conditions in Indonesia have worsened such that an exception to the time limit for motions to reopen was warranted.

Moreover, we find unavailing Tjan's argument that the BIA abused its discretion in failing to address his assertion that the record establishes a pattern and practice of persecution of Christians in Indonesia. The BIA was not obligated to consider the merits of Tjan's motion once it determined that it was untimely and that it did not qualify for an exception to the 90–day time limit based on changed country conditions. *See* 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.2(c)(2).[2]

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.

---

**2.** Tjan's reliance on *Mufied v. Mukasey,* 508 F.3d 88 (2d Cir.2007), is misplaced where the petitioner in *Mufied* was not petitioning from the denial of an untimely motion to reopen and therefore was not required to establish changed country conditions.

